

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 12, 1976

The Honorable Cue D. Boykin
Chairman
Texas Industrial Accident Board
L.B.J. State Office Building
Austin, Texas   78701

Opinion No. H-862

Re: Whether the statutory
discount should be allowed
when a lump sum payment
under article 8306, section
8(b), V.T.C.S., is paid to
a widow or widower entitled
to survivor's workmen's
compensation benefits.

Dear Chairman Boykin:

You have requested our opinion regarding the applicability
of the statutory discount to a lump sum payment to a widow
or widower under section 8(b) of article 8306, V.T.C.S., the
workmen's compensation law.  That statute, after declaring
that "weekly benefits payable to the widow or widower of a
deceased employee shall be continued until the death or
remarriage of the beneficiary," states further:

> In the event of remarriage a lump sum
> payment equal in amount to the benefits
> due for a period of two (2) years shall
> be paid to the widow or widower.  (Emphasis
> added).

Article 8306a, V.T.C.S., which requires a discount for
present payment in certain instances, provides, in pertinent
part:

> In all cases when the payments of weekly
> compensation due an injured employee or
> beneficiary coming within the provisions
> of the Workmen's Compensation Act are
> accelerated by increasing the amount of

p. 3634

> compensation by correspondingly decreasing
> the number of weeks for which the same is to
> be paid, and when the liability of the
> insurance company is redeemed by the payment
> of a lump sum, by agreement of parties
> interested, or as a result of an order made
> by the Industrial Accident Board or a
> judgment rendered by a court of competent
> jurisdiction, and when advanced payments of
> compensation are made, and in all cases when
> compensation is paid before becoming due,
> discount shall be allowed for present payment
> at four (4%) per cent, compounded annually.

You ask whether the lump sum payment established by article 8306, section 8(b), falls within one of the four categories of article 8306a to which that statute is applicable. We may summarize those categories as follows:

> 1. Where payments of weekly compensation
> "are accelerated by increasing the amount
> of compensation by correspondingly decreasing
> the number of weeks";
>
> 2. where a lump sum payment is made as the
> result of an agreement of the parties, an
> order of the Industrial Accident Board, or
> a judgment of a court;
>
> 3. where "advanced payments of compensation
> are made"; and
>
> 4. where "compensation is paid before
> becoming due."

As to the first category, section 8(b) does not appear to direct the kind of payment by virtue of which the amount of compensation is increased and the number of weeks is correspondingly decreased. In our opinion, this provision contemplates a situation in which, for example, a claimant who was entitled to the sum of $50 per week for 200 weeks accepts in lieu thereof the sum of $200 per week for 50 weeks. The amount of compensation paid to a remarrying

widow may or may not represent an increase in the amount she would have received had she not remarried, depending entirely upon the length of her life. The number of weeks is indeed decreased, but there is no correspondence between the two factors, as is required by the statute.

The second category is likewise inapplicable. The lump sum payment made to the beneficiary is not the result of the parties' agreement, or of an order of a court or the Industrial Accident Board, but is totally the result of the statutory directive. Neither do we believe that payment in the event of remarriage constitutes an "advanced payment of compensation." The statute clearly indicates that the lump sum payment is due at the time of the beneficiary's remarriage. As a result, it cannot be characterized as an "advanced payment." The same reasoning is applicable to the fourth category. The lump sum payment does not represent compensation "paid before becoming due," because it is in fact due at the time of the remarriage.

Thus, since none of the four categories to which the statutory discount is applicable include the kind of lump sum payment provided in article 8306, section 8(b), it is our opinion that payments under that provision are not subject to the statutory discount of article 8306a. Consequently, a lump sum payment to a widow or widower under section 8(b) of article 8306 should be made without discount.

### S U M M A R Y

Lump sum payments of workmen's compensation benefits to a widow or widower who remarries are not subject to the statutory discount of article 8306a, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb